IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-83 |
| **JOHN DOE, subscriber IP 173.79.64.81,** | * | |
| Defendant. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Strike 3 Holdings, LLC, brings an action for copyright infringement against Defendant John Doe. ECF No. 1. Defendant Doe has filed an Answer. ECF No. 16. In the Answer, Doe asserts affirmative defenses and counterclaims. Presently pending before the Court is Plaintiff's Motion to Dismiss the Counterclaims, or, in the Alternative, Motion to Strike the Answer and Counterclaims. ECF No. 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will dismiss Defendant Doe's counterclaims.[1]

### I.     BACKGROUND

Plaintiff Strike 3 Holdings is the owner of pornographic motion pictures. ECF No. 1 ¶ 2.[2] Plaintiff alleges that Defendant John Doe stole several of its copyrighted works by using BitTorrent, a system that allows users to anonymously download and upload files from a source. *Id.* ¶¶ 4, 17. Plaintiff filed the Complaint on January 12, 2021 against Defendant John Doe,

---

[1] Additionally pending is the Motion for a Hearing, ECF No. 20, which is denied, and the Motion to Withdraw as Attorney, ECF No. 22, which is granted.

[2] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

identifying Doe only by his Internet Protocol address ("IP address"), 173.79.64.81. ECF No. 1. Plaintiff seeks damages for copyright infringement under the United States Copyright Act of 1976, *as amended*, 17 U.S.C. §§ 101 *et seq. Id.* ¶ 6.

Plaintiff also moved for leave to file a third-party subpoena on Verizon Fios, Doe's Internet Service Provider ("ISP"), to determine Doe's identity. ECF No. 5. The motion was granted. ECF No. 6. Plaintiff also requested an extension to serve Doe the Complaint, as Plaintiff would not discover Doe's identity until receiving information from the ISP. ECF No. 7. This extension was also granted. ECF No. 8. Plaintiff then requested two other extensions to serve Doe, explaining that it had received Doe's identity from the ISP and that it next would undertake a deposition, pursuant to the Court's discovery Order, with Doe to determine whether Doe was the appropriate Defendant for the action. ECF Nos. 9, 12. These extensions were also granted. ECF Nos. 10, 15.

On November 14, 2021, after being served the deposition subpoena but before being served the Complaint, Doe filed the Answer and two counterclaims. ECF No. 16. In the Answer, Doe denies Plaintiff's allegations and raises several affirmative defenses. *Id.* ¶¶ 47, 48, 56, 57, 58. Doe also requests a declaratory judgment that he did not infringe Strike 3's works. *Id.* ¶ 85. Doe also asserts a claim for civil contempt, alleging that Plaintiff retained a process server to harass him and force him into a settlement. *Id.* ¶ 95. Plaintiff filed the Motion to Dismiss the Counterclaims, or in the Alternative, Motion to Strike the Answer and Counterclaims on December 6, 2021. ECF No. 17. Doe responded, ECF No. 18, and Plaintiff replied, ECF No. 19.

II.     **STANDARD OF REVIEW**

"'[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of*

*Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Generally, when ruling on a 12(b)(6) motion, the court assumes that the facts alleged in the complaint are true and draws all reasonable factual inferences in the nonmoving party's favor. *Edwards*, 178 F.3d at 244. A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

### III. DISCUSSION

As relevant here, Doe was served a subpoena commanding him to appear for a limited deposition. ECF No. 16 ¶ 61. Doe then filed an Answer and two counterclaims before Plaintiff amended its Complaint to formally add Doe as Defendant. ECF No. 16. Plaintiff argues that Doe's Answer is premature because Plaintiff has yet to name Doe. ECF No. 17-1 at 2. Doe responds that the Complaint identifies his IP address, so it clearly alleges that Doe is the Defendant. ECF No. 18 at 3.

Anonymous copyright cases, such as this case, proceed differently than other cases. While it is true that Defendant Doe has not yet been named, other courts have allowed Doe Defendants to participate before being named and without filing a motion to intervene. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 14-CV-00223-MJG, 2014 WL 4682793, at *2 (D. Md. Sept. 18, 2014) ("The procedures established by this Court's orders granting Malibu's Motion to Expedite Discovery fully protect the ability of the ISP subscriber to participate anonymously and without the need for intervention."). Indeed, one court allowed an unnamed defendant to file a motion to

3

dismiss without the need for intervention. *See Malibu Media, LLC v. Doe*, No. 14-cv-747-MJG, 2014 WL 7190812, at *1 (D. Md. Dec. 16, 2014).

Similarly, Plaintiff here is not proceeding against an unknown defendant. Instead, Plaintiff proceeds against "a known but unidentified defendant." *Malibu Media, LLC*, 2014 WL 4682793, at *2. While Defendant Doe's Answer was filed out of the typical order in these cases, the Court cannot say that it is so inappropriate that it constitutes "redundant, immaterial, impertinent, or scandalous matter" pursuant to Federal Rule of Procedure 12(f). Thus, the Court will not strike the Answer or the counterclaims.

The Court now turns to Plaintiff's Motion to Dismiss the two counterclaims. *See* ECF No. 17 at 9. Doe's first counterclaim is for a declaratory judgment of "non-infringement." ECF No. 16 ¶ 85.

"The Declaratory Judgment Act provides that '[i]n a cases of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Malibu Media, LLC v. Doe 1*, No. 12-cv-1198-DKC, 2012 WL 6681990, at *3 (D. Md. Dec. 21, 2012) (quoting 28 U.S.C. § 2201(a)). "[I]t is elementary that a federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an 'actual controversy' between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (internal quotations and citations omitted).

A declaratory judgment action must meet the same standing requirements as other cases. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604 (2007). "In order for a suit to be justiciable, and not an advisory opinion, there must be an actual dispute between adverse parties." *Shenandoah Valley Network v. Capka*, 669 F.3d 194, 201 (4th Cir. 2012). There must be "an injury or imminent threat of injury." *Id.* at 202. The injury must be "both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (citations omitted)).

Importantly, even if there is an independent basis for jurisdiction and an actual controversy and injury, a court retains discretion over whether to entertain a declaratory judgment action. *See Volvo Const. Equip. N. Am., Inc.*, 386 F.3d at 594 ("If a district court possesses declaratory judgment jurisdiction, it may nonetheless, in the exercise of its discretion, decline to entertain the action."). A court may decline to entertain a declaratory judgment claim for "good reason." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (citing *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)). A court must consider whether "the "relief sought (i) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (ii) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Malibu Media, LLC*, 2012 WL 6681990, at *3 (quoting *Fuscardo*, 35 F.3d at 965).

"'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995)). "Courts have typically declined to consider counterclaims for

5

declaratory relief that are duplicative of affirmative defenses." *Malibu Media, LLC*, 2012 WL 6681990, at *3 (collecting cases).

Here, Defendant Doe requests a "judgment of non-infringement" from the Court. ECF No. 16 ¶ 85. However, Doe asserts several affirmative defenses, including "the defense of non-infringement." *See id.* ¶ 56. The lack of distinction between the first counterclaim and one of Doe's affirmative defenses cuts against declaratory judgment. In a case with similar issues, the district court dismissed the declaratory judgment claim because "there is no substantive distinction between the defenses and counterclaims." *Malibu Media, LLC*, 2012 WL 6681990, at *3 (D. Md. Dec. 21, 2012); *see also Penn Mut. Life Ins. Co. v. Berck*, No. 09-cv-578-DKC, 2010 WL 3294305, at *3 (D. Md. Aug. 20, 2010) (dismissing declaratory judgment counterclaim because it "offers little explanation as to how the counterclaim clarifies the parties' obligations . . . [n]or does the counterclaim promote judicial efficiency, as it forces the parties and the court to handle the same issues twice."); *see also* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.").

There is another consideration given the unique procedural posture of this case: Plaintiff has not named Doe yet as Defendant. Because Doe has yet to be named, the alleged "injury" may not be "real and immediate" because Plaintiff may never formally name Defendant Doe in the action. *See Shenandoah Valley Network*, 669 F.3d at 201 (citing *Flast v. Cohen*, 392 U.S. 83, 96, 88 S. Ct. 1942, 1950, 20 L. Ed. 2d 947 (1968)).[3] Thus, given the duplicative nature of the

---

[3] Defendant Doe cites an out-of-circuit unpublished case in support of the claim that a "real threat" of litigation is an injury. *See Strike 3 Holdings LLC v. Doe*, 849 F. App'x 183, 185 (9th Cir. 2021). There, however, the district court there noted that the "case does not involve the type of preemptive litigation that frequently raises concerns about the existence of an actual case or controversy." *Strike 3 Holdings, LLC v. Doe*, 2020 WL 531996, at *4 (W.D. Wash.

declaratory judgment relief and the posture of this case, the Court finds that declaratory judgment action will not settle the rights between the parties, nor will it clarify the issues or promote judicial efficiency. The Court will dismiss the declaratory judgment counterclaim.

Doe's second counterclaim is for civil contempt of court. ECF No. 16 ¶¶ 89, 95. Doe alleges that Plaintiff and its process server "menac[ed] John Doe and his family by parking on his property . . . to compel John Doe to call Strike 3's lawyer to discuss settlement in violation of [the Order]" and that the process server made statements to Doe to pressure Doe to call Strike 3's lawyer to settle the allegations. *Id.* ¶ 95. Doe notes that in the Court's Order, the Court prohibited Plaintiff from initiating settlement communications. *See* ECF No. 6 at 4.

"'[T]here is no such thing as an independent cause of action for civil contempt.'" *Finn v. Schiller*, 72 F.3d 1182, 1188 (4th Cir. 1996) (quoting *Blalock v. United States*, 844 F.2d 1546, 1550 (11th Cir. 1988)). Instead, "civil contempt is a device used to coerce compliance with an in personam order of the court which has been entered in a pending case." *Blalock*, 844 F.2d at 1550 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 499, 93 L. Ed. 599 (1949)); *see also Finn*, 72 F.3d at 1188 (A party "may notify the court of a violation of the rule or may petition the court to investigate an alleged violation, but such complainant may not proceed by way of a civil action against the alleged violator."). Doe may not bring this counterclaim. Instead, Doe may notify the Court of an alleged violation of a Court Order. This counterclaim is also dismissed.

---

Feb. 3, 2020) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)). Instead, "fear of future prosecution, based on the very real prosecution to that point and the thinly veiled threats of future contributory-infringement claims, was concrete and imminent." *Strike 3 Holdings LLC v. Doe*, 849 F. App'x 183, 185 (9th Cir. 2021). Here, as noted, Plaintiff has not amended the Complaint to formally name Doe as Defendant yet.

7

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's Motion to Dismiss the two counterclaims. A separate Order follows.


Dated: April 29, 2022                           /s/_____
                                                GEORGE J. HAZEL
                                                United States District Judge